CLARENCE B. WARDLE, RECEIVER, ETC., v. EDWARD C. CUMMINGS.

*Constitutional law—Mutual fire insurance companies—Appointment of receiver.*

1. The petition filed by the Commissioner of Insurance under section 15 of Act No. 82, Laws of 1873, as the foundation of proceedings to wind up the business of a mutual fire insurance company, need not be verified.

2. Proceedings for the appointment of a receiver for a mutual fire insurance company, and for assessments to pay its outstanding debts and obligations, are not rendered invalid by a failure to give *personal* notice to the members of the company of the application for such appointment and of the assessments, they having assented to the provisions of the act under which the company is organized, which does not provide for such personal service.

3. The title to Act No. 82, Laws of 1873, entitled "An act to provide for the incorporation of mutual fire insurance companies, and defining their powers and duties," embraces within its

scope the organization of mutual fire insurance companies to insure property in cities and villages *exclusively*.

4. The intent of Act No. 38, Laws of 1877, amendatory of Act No. 82, Laws of 1873, was to authorize the organization of other mutual fire insurance companies than those provided for in the original act, for the insurance of property in cities and villages exclusively.

Error to Ionia. (Smith, J.) Argued February 10, 1891. Decided July 3, 1891.

*Assumpsit* to recover an assessment made to liquidate the indebtedness of a mutual fire insurance company. Defendant brings error. Affirmed. The facts are stated in the opinion.

*George H. Cagwin,* for appellant, contended:

1. There can be no liability on a policy where the property insured is a class not authorized by statute to be insured; citing *Wildey v. Insurance Co.*, 52 Mich. 446; and the mill and machinery covered by defendant's policies, being outside the limits of a city or village, could not be insured under plaintiff's own theory that the company was organized to insure city and village property exclusively; citing same case.

2. The court never acquired jurisdiction to appoint a receiver. The petition was not verified, and no notice was given to the defendant or the company or its officers of the application for such appointment. If publishing the petition could in any manner be construed as notice to parties interested, a law authorizing notice of legal proceedings against residents of the State by publication is unconstitutional; citing *State Tax Law Cases*, 54 Mich. 350.

3. The failure of the act to provide for personal notice of the assessments is fatal to its validity; citing *Platt v. Stewart*, 10 Mich. 260; *King v. Harrington*, 14 Id. 533; *Soule v. Hough*, 45 Id. 418; *State Tax Law Cases*, 54 Id. 350.

*Davis & Nichols* and *McGarry & Ford,* for plaintiff.

MCGRATH, J. Wardle, as receiver of the Home Mutual Fire Insurance Company of Ionia, Clinton, and Montcalm Counties, recovered judgment upon an assessment

made by order of court to liquidate accrued indebtedness, and defendant appeals.

The company was incorporated February 5, 1879, under Act No. 82, Laws of 1873, as amended by Act No. 38, Laws of 1877, for the purpose of insuring property in cities and villages exclusively. Section 1 of said act, as amended in 1881, reads as follows:

"SECTION 1. Any number of persons, not less than seven, may associate together and form an incorporated company for the purpose of mutual insurance of the property of its members against loss by fire or damage by lightning, which property to be insured may embrace school-houses, literary and grange halls, churches, agricultural societies' buildings, dwelling-houses, barns, accompanying out-buildings and their contents, farm implements, hay, grain, wool, and other products, live-stock, wagons, carriages, harness, household goods, wearing apparel, provisions, musical instruments, and libraries, being upon farms as farm property, or dwellings, accompanying out-buildings, and such other buildings as are specified in this section, that constitute detached risks in villages and cities, and their contents, as the charters and by-laws of said companies may provide, and belonging to members of said companies."

In 1877 an act to amend the act of 1873 "by adding one new section thereto, to stand as section 22, providing for the organization of mutual fire insurance companies to insure property in cities and villages exclusively," was passed and approved March 29, 1877, and reads as follows:

"SEC. 22. Companies heretofore organized in this State, or which may organize or reorganize hereafter, for the purpose of mutual fire insurance of the property of its members, confined exclusively to cities and villages, may under this act insure any and every class of buildings and contents in cities and villages; such risks being duly classified according to the degree of hazard, as shall be determined by said companies, and which shall be set forth in the charter or by-laws of such companies, and not inconsistent with the Constitution and laws of this

State:  *Provided,* that the class of companies set forth in this section shall not insure farm property, and, except as provided in this section, shall be governed by all the provisions of the act to which this is amendatory."

The original act provides for the supervision of companies formed under it by the Commissioner of Insurance; and section 9 makes it the duty of the Commissioner, in certain contingencies,—

"To serve a notice upon the officers of such mutual company, requiring them, at the expiration of sixty days from the date of such notice, to discontinue the issuing of policies, and proceed to wind up its business, unless within that time the directors of such company shall collect assessments and pay such losses and debts."

The act contains these further provisions:

"SEC. 15.  If any insurance company organized, or to be organized, under this act shall not, within sixty days after the Commissioner of Insurance shall have given the notice required by section nine, pay up and discharge all outstanding claims against such company, it shall be the duty of the Commissioner of Insurance to file a petition in the circuit court for any county where such company has transacted business, either in vacation or term-time, stating that the sixty days within which such company was required to proceed to wind up its business have expired, and that there are outstanding claims against such company; a copy of which said petition shall be published for three successive weeks in a public newspaper printed in such county, or, if no newspaper is published in such county, then such notice shall be published in any paper published nearest the office of such company."

"SEC. 17.  At any time after the publication required by section fifteen of this act, the Commissioner of Insurance may appear in said court, in person or by counsel, and move for the appointment of a receiver for said company, and the said company may also be heard, and upon such hearing the report of such company, filed in the office of the Commissioner of Insurance, shall be conclusive evidence of the facts therein stated, and of the liability of such company, unless such company shall show that they have since paid and discharged the liabil-

ities; and if, upon the hearing thereof, it shall appear to such court that the statements in such petition are materially true, the said court shall appoint a receiver for such company, who shall be, and is hereby, empowered to take possession of all books and papers and personal property of said company."

On the 30th day of April, 1884, the Commissioner filed a petition in the circuit court for the county of Ionia, under section 15, aforesaid, setting forth fully the happening of the contingency contemplated by section 9 aforesaid, averring the giving of notice as required by said section, the expiration of the 60 days named in said section, and praying for the appointment of a receiver.

This petition was published as required by the act; and a copy of the same, together with the notice, entitled in said court, that said Commissioner would, on the 26th day of May following, move for the appointment of such receiver, was personally served upon the president and secretary of the company. On the 26th day of May, 1884, plaintiff was appointed receiver by said court. In February, 1885, the receiver filed a petition setting forth the liabilities of the company, asking leave of the court to make an assessment, and praying the advice and counsel of the court in relation thereto; and thereupon a hearing was had, and an order entered authorizing said assessment. An assessment was accordingly made, and notice thereof published as required by the act.

It is contended that the act is unconstitutional, and the proceedings in the appointment of the receiver and in making the assessment are void, for the following reasons:

1. That the petition filed in the circuit court under section 15 was not verified. But the statute does not require its verification, nor does the act require that it shall contain either a prayer for relief or process. It asks for no preliminary order; and it has frequently been

held that, in the absence of any statute or rule requiring it, a bill in chancery need not be verified, except when preliminary relief is sought. *Atwater v. Kinman*, Har. Ch. 243; *Moore v. Cheeseman*, 23 Mich. 332. The statute makes it the duty of the Commissioner to file this petition, and the hearing is had and the order made upon the motion contemplated by section 17.

2. Because the act makes no provision for the personal service of notice to the members of the company of the application for the appointment of a receiver, or of the assessment. The act provides for the publication of both of these notices, or substituted service, which was had. This is a mutual company, and all of its members, as well as the company, have assented to the provisions of the act, and are bound thereby. The company was duly notified under section 9, and the statute under which it had organized gave notice of what would follow if it failed to comply with the requirements of that section. The act makes no provision for notice of an assessment when made by the company, and under the act the company had power to do just what the receiver is endeavoring to do here, and no notice of the proposed exercise of that power was required. In *Wardle v. Townsend*, 75 Mich. 385, this Court held that the order of court authorizing the assessment, which was proper, was not essential. It is sufficient that the notices required by the act have been given.

3. Because the title of Act No. 38, Laws of 1877, expresses an object different from that expressed in the title of Act No. 82, Laws of 1873; because the title of Act No. 38, Laws of 1877, expresses the object of providing for the organization of mutual fire insurance companies to insure property in cities and villages exclusively, while the body of the act does not provide for the organization of any class of insurance companies whatever; and

because Act No. 38, Laws of 1877, is repugnant to and in conflict with section 1 of Act No. 82, Laws of 1873, and section 1 of said Act No. 82 stands unrepealed.

The Constitution requires that titles shall be truthful indexes to legislation. But an amendment of an act does not necessarily involve the amendment of its title. The title to Act No. 82, Laws of 1873, is as follows:

"An act to provide for the incorporation of mutual fire insurance companies, and defining their powers and duties."

This title is broad, and embraces within its scope the subject-matter of the amending act. The object expressed in the title of Act No. 38 is not different from that expressed in the title of Act No. 82, but is within the purview of the title of the last-named act; and hence it was unnecessary to amend the title of Act No. 82 upon the adoption of the amendment. Act No. 38, Laws of 1877, added a new section to the statute already existing, which contained all the necessary provisions for organization. The added section must be associated with the act to which it is added. The fact that the title of the amended act set forth the specific purposes of the amendment did not affect the title to the act which it amended, inasmuch as the object of the amendment was within the scope of the title of the original act. The effect of the amendment was to provide for the incorporation of another class of corporations, but the title embraced both classes. Both were to be mutual fire insurance companies, to insure different classes of property. In *People v. Society,* 41 Mich. 67, the amendment introduced a purpose not coming within the title of the original act, and inconsistent with other sections remaining unrepealed; and in *Eaton v. Walker,* 76 Mich. 579, the same difficulty existed. In neither case was the title sufficiently broad to include

the purpose of the amendment, while here the title clearly indicates 'that the subject-matter of both of these sections, 1 and 22, is covered by the act.

The purpose of the constitutional enactment is to prevent—

1. "The joining in the same act of subjects diverse in their natures, and having no necessary connection."

2. "The insertion of clauses in the bill of which the title gives no intimation," and, as was said in a later case, "for the purpose of preventing the Legislature, as well as the people, from being misled as to their contents." *People v. Mahaney*, 13 Mich. 481; *Bissell v. Probate Judge*, 58 Id. 237; *Northwestern Manfg. Co. v. Circuit Judge*, Id. 381.

There is no diversity of subjects in the act in question. What is inserted is within the scope of the title, and neither the Legislature nor the public could possibly have been misled. The act providing for the formation of fire and marine insurance companies provides for the incorporation of companies for either purpose,—to insure against loss by fire, or against the risks of navigation. It clearly contemplates two classes of companies, or companies taking dissimilar risks. This act was scrutinized, and held valid, in *People v. Insurance Co.*, 19 Mich. 392. The act for the incorporation of manufacturing companies contemplated the formation of companies engaged in different and varied industries. The act was valid, notwithstanding the companies formed under it were engaged in the manufacture of different species of property, and each was restricted to the purpose set forth in its articles. In the present case the purpose of the act is to provide for the formation of mutual companies for either purpose,—to insure farm property or urban property. The members of each company are burdened with the hazard of that class of property which they own and

have insured. The end sought could be reached in no other way, for a classification of risks would have subjected the company to the risks of both classes.

It is contended, also, that the provisions of section 1 of the original act control, and that they expressly prohibit the insurance of the class of property owned and procured to be insured by defendant. The intent of the act as amended is to provide for the formation of other companies for the insurance of property in cities and villages. The company of which defendant was a member was organized to insure city and village property, and the policy upon which defendant is assessed was taken out by him upon village property.[1]

From a careful examination of the record we find no error, and the judgment is affirmed, with costs.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred. MORSE J., did not sit.

Defendant applied for a rehearing in this case, and on July 28, 1891, the following opinion was filed:

PER CURIAM: Defendant asks for a rehearing, basing his application upon the allegation that the record does not show that the Home Insurance Company was organized under section 22 of Act No. 82 of the Laws of 1873, as amended by Act No. 38 of the Laws of 1877. The record abounds with admissions of the fact of organization under the very section referred to, and counsel for defendant in his brief upon the argument concedes the fact.

The trial court in its findings expressly refers to the organization of the company under this act, and counsel for defendant asks the court to find that Act No. 38 of the Laws of 1877, "under which said company was organ-

---

[1] The findings of fact show that the property insured was a dwelling-house and a grist-mill and machinery, and that in his application the defendant described the property as within a village.

ized, is unconstitutional and void," and the court expressly refers to this request, and finds that said act was not unconstitutional and void. The record shows beyond any question that the point now made was not raised in the court below, but that the case was tried upon the theory that the company was organized under the act above referred to.

It is intimated that the fact of organization under the act named only appeared by affidavit filed herein upon a former application. But an omission in the record cannot be supplied by an *ex parte* affidavit, and this Court cannot and does not consider such affidavits when filed, except as they relate to the application then made.

The application will be denied.