WALKER v. WALKER.

DIVORCE — SEPARATE MAINTENANCE — EXTREME CRUELTY—MODIFICA-
   TION OF DECREE.
   Decree granting innocent wife separate maintenance on ground
      of extreme cruelty may not be subsequently modified against
      her will to grant her an absolute divorce on the petition of her
      adjudged guilty husband.

SHARPE, J., dissenting.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted June 10, 1936. (Docket No. 41, Calendar
No. 38,579.) Decided October 5, 1936.

Bill by Nellie Walker against David R. Walker
for separate maintenance and support. Decree for
plaintiff. On petition of defendant for modification
of payments for support of wife and granting of an
absolute divorce. From order amending decree,
plaintiff appeals. Reversed.

*Charles B. Cross,* for plaintiff.

*Harry W. Jackson,* for defendant.

SHARPE, J. *(dissenting).* In 1921, plaintiff, Nellie
Walker, filed a bill for separate maintenance and
support. She was granted relief, the decree requir-
ing defendant to pay $20 per week for the support of
herself and the two minor children of the parties,
namely, Nellie, aged 13 years, and Davina, aged 10
years.

In 1929, the older daughter became self-supporting, and upon petition of defendant the original decree was amended by reducing the weekly payments to $13. In January, 1933, the original decree was further amended requiring defendant to pay five dollars per week and in November, 1934, defendant filed a petition praying that the decree be modified and an absolute divorce decreed as between the parties. Upon the hearing, proofs were taken in open court from which it appears that defendant is the owner of an 80-acre farm incumbered by a $1,600 mortgage which brings in no income and which has a sale price of less than the incumbrance. Defendant also is purchasing on a land contract a filling station and an inn adjoining his filling station. The purchase price of this property was $22,500 and there is still owing upon this property over $18,000. Plaintiff produced some evidence to show that she is not in good health; that she is buying a home on a contract, the original cost being $5,250, of which she still owes about $2,000; that one daughter is working in the public library earning $80 per month; and that the other daughter is working part time in addition to doing the house work. The trial court granted plaintiff an absolute divorce and the decree provided that defendant pay plaintiff $478, the amount due under the former decree.

Plaintiff appeals and contends that the trial court had no power to award plaintiff a divorce when she did not ask for it and was not willing to accept the same; and that if the court had such power the amount awarded plaintiff for alimony and in lieu of her dower rights was insufficient.

Under 3 Comp. Laws 1929, § 12730, formerly 3 Comp. Laws 1915, § 11399, the trial court at the time

of granting separate maintenance could have granted an absolute divorce, *Conkey* v. *Conkey,* 237 Mich. 326; *Wilson* v. *Wilson,* 238 Mich. 555, and having jurisdiction of the parties and subject matter, it still retains the power to grant an absolute divorce. The facts in this cause strongly indicate that plaintiff and defendant are hopelessly estranged; they have been separated for more than 13 years. Both of their children have reached their majority. We are inclined to agree with the trial judge that a divorce should be granted, and we are not inclined to disturb the amount decreed for the support of plaintiff. The record shows that plaintiff has an equity of approximately $3,000 in her home, while defendant is the owner of an 80-acre farm devoid of any value over and above the incumbrance against it. Defendant also has an interest in a filling station and an inn where lunches and meals are served, but compared with the indebtedness against this property, defendant's equity therein would not justify this court in increasing the amount allowed by the trial court.

Decree should be affirmed, without costs.

WIEST, J. I cannot concur.

In July, 1921, plaintiff filed a bill for separate maintenance. September 8th of that year defendant made answer and, in the nature of a cross-bill, prayed for a divorce. The case was heard, the court found that defendant had no grounds for a divorce, dismissed his cross-bill and granted plaintiff separate maintenance.

That decree, with reference to payments, was amended in June, 1929, and the court at that time referred to its first finding that, under the original proofs, there was no ground upon which the defend-

ant was entitled to any relief, and that he was clearly to blame in the matter and was guilty of extreme cruelty in his actions toward the plaintiff and the plaintiff herself was free from any blame in the matter, and left the decree for separate maintenance in force.

In November, 1934, defendant moved for modification of the original decree and asked that an absolute divorce be decreed to plaintiff. Plaintiff answered that petition.

The court modified the original decree in February, 1935, and granted plaintiff, against her will and at the desire of her adjudged guilty husband, an absolute divorce.

It seems to me that such decree will afford a precedent for the benefit of guilty husbands and nullify the separate maintenance provision enacted for the relief of innocent and injured wives.

I cannot lend countenance to defendant's success and the decree of divorce is reversed, with costs.

North, C. J., and Fead, Butzel, Bushnell, and Toy, JJ., concurred with Wiest, J. Potter, J., did not sit.