O'CONNOR v. O'CONNOR.

1. DIVORCE—SEPARATE MAINTENANCE—MODIFICATION OF DECREE.
   Decree granting innocent wife separate maintenance may not be subsequently modified against her will to grant her an absolute divorce on appeal by her adjudged guilty husband.

2. APPEAL AND ERROR—RECORD—EX PARTE AFFIDAVITS.

An omission in the record cannot be supplied by an *ex parte* affidavit and, when filed, such affidavits are not considered by Supreme Court.

3. SAME—RECORD—POST-TRIAL AFFIDAVITS.

Cases in Supreme Court must be disposed of upon the record as made and not upon post-trial *ex parte* affidavits.

4. SAME—QUESTIONS REVIEWABLE—RECORD.

The Supreme Court does not consider matters *dehors* the record.

5. SAME—QUESTIONS REVIEWABLE—DIVORCE—TRIAL—SAVING QUESTION FOR REVIEW.

Claim that testimony, in suit for divorce, was given by plaintiff at a table some distance from regular witness chair and not within hearing of trial court who was at the time engaged with other matters before him *held*, not before court for review where record does not indicate seasonable objections or ruling by trial court.

6. COSTS—BRIEFS.

No costs are awarded appellee in appeal in suit for divorce where she filed no brief.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 8, 1937. (Docket No. 77, Calendar No. 39,658.) Decided November 10, 1937.

Bill by Marie O'Connor against Thomas B. O'Connor for separate maintenance. Decree for plaintiff. Defendant appeals. Affirmed.

*Richard C. Heidt,* for defendant.

BUSHNELL, J. This is an appeal from a decree providing for separate maintenance, defendant having been ordered to pay $75 per month to Mrs. O'Connor until further order of the court and certain sums for attorney fees. Appellant claims

the court should have granted appellee a decree of absolute divorce upon the pleadings and proofs.

In *Walker* v. *Walker,* 277 Mich. 279, plaintiff filed a bill for separate maintenance and a decree was entered in conformity therewith. Later, upon motion of defendant, the court modified the original decree and granted plaintiff against her will and at the desire of her adjudged guilty husband an absolute divorce. This subsequent decree was set aside, the opinion of this court stating that such practice would "afford a precedent for the benefit of guilty husbands and nullify the separate maintenance provision enacted for the relief of innocent and injured wives."

*Walker* v. *Walker, supra,* is controlling so far as the first question raised by appellant in the instant case is concerned.

Defendant, by the affidavit of a court stenographer attached to the printed record, attempted to show that plaintiff's sworn testimony was taken at a table some distance from the witness chair ordinarily used in the court room, and "that none of the testimony, or any part thereof given by plaintiff was audible to, or within the hearing of the court, who was at the time engaged with other matters before him."

The record shows that defendant, although absent from the trial, was represented by counsel, who proceeded to cross-examine plaintiff, at which juncture her counsel objected, claiming that plaintiff could not be subjected to cross-examination while defendant was in arrears in payments due upon a temporary alimony order. The record shows that immediately thereafter the court participated in the colloquy and all of the facts were laid before the

trial judge, who held that such cross-examination was proper.

The record does not contain any objection by defendant's counsel to the manner in which the testimony was being taken and which appellant claims was irregular and unwarranted trial procedure.

An omission in the record cannot be supplied by an *ex parte* affidavit. This court does not consider such affidavit when filed. *Wardle* v. *Cummings,* 86 Mich. 395, 404.

We said in *Zeilman* v. *Fry,* 213 Mich. 504:

"Cases in this court must be disposed of upon the record as made and not upon post-trial *ex parte* affidavits. *People* v. *Pretswell,* 202 Mich. 1."

We do not consider matters *dehors* the record. *Anderson* v. *Jersey Creamery Co.,* 278 Mich. 396.

If defendant's counsel believed that his client's rights were being prejudiced, seasonable objections should have been entered upon the record, in which instance the trial court could have made a ruling. We have nothing before us in the record itself upon which we may act in this particular.

The decree is affirmed but, because appellee did not file any brief, no costs will be allowed.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.