PEOPLE v. SNOW

1. CRIMINAL LAW—SENTENCES—FACTORS—GUILTY PLEA.
    A judge may not consider whether the defendant pled guilty
    when imposing sentence.

2. CRIMINAL LAW—SENTENCES—FACTORS—GUILTY PLEA—CONSTITU-
   TIONAL LAW.
    Sentencing a defendant who chose to have a jury trial to a
    longer sentence than he would have received if he had pled
    guilty is a judicially-imposed penalty for the exercise of a
    constitutional right; such a practice is impermissible.

3. CRIMINAL LAW—SENTENCES—FACTORS.
    A sentence must be based on the needs of the particular case
    and the requirements of society.

4. CRIMINAL   LAW—SENTENCES—MINIMUM   SENTENCE—STATUTES—
   EVIDENCE.
    Circuit court *held* to have failed to comply with the require-
    ments of the indeterminate sentence statute where nearly iden-
    tical minimum sentences were imposed on 207 defendants who
    had pled guilty, nearly identical minimum sentences were

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 495, 496.
    Necessity and sufficiency of adjudication of guilt, or of recital
    of or reference to verdict in judgment pronouncing sentence
    in criminal case.  69 ALR 792.
[3] 21 Am Jur 2d, Criminal Law §§ 525–530, 533.
    Necessity and sufficiency of adjudication of guilt, or of recital
    of or reference to verdict in judgment pronouncing sentence
    in criminal case.  69 ALR 792.
[4] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592.
    Necessity and sufficiency of adjudication of guilt, or of recital
    of or reference to verdict in judgment pronouncing sentence
    in criminal case.  69 ALR 792.
[5] 21 Am Jur 2d, Criminal Law § 303.
[6, 7] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[8, 9] 21 Am Jur 2d, Criminal Law §§ 533, 572.

imposed on the defendants convicted by juries and these sentences were longer than those imposed upon defendants who pled guilty, and the court required a guilty pleader to waive a pre-sentence investigation in order to obtain the minimum sentence (MCLA § 769.8).

5. CRIMINAL LAW—SENTENCES—PRE-SENTENCE INVESTIGATION.

A waiver of presentence investigation may be proper under some circumstances; however, systematic solicitation of waivers shows a clear intention to forsake consideration of factors that are, by statute, required to be weighed in determining a defendant's sentence.

6. INDICTMENT AND INFORMATION — WITNESSES — INDORSEMENT — ADDITION.

Allowing the indorsement of witnesses in addition to those originally indorsed and the granting of a continuance are matters addressed to the sound discretion of the trial court.

7. INDICTMENT AND INFORMATION — WITNESSES — INDORSEMENT — ADDITION.

Allowing the prosecutor to indorse two additional witnesses immediately before trial was not error where witnesses were the arresting officers, the prosecutor had been misinformed about the identity of the arresting officers, the prosecutor had immediately informed defense counsel that he would amend the information after the week-end and defense counsel was notified of the intention to add the witnesses three days before the trial began.

DISSENTING OPINION

HOLBROOK, J.

8. CRIMINAL LAW—SENTENCES—JURY TRIAL.

*Claim by defendant that he was denied his right to trial by jury because of the circuit court's policy, alleged in an affidavit filed in the Court of Appeals, of imposing longer sentences on those who stood trial than on those who pled guilty is without merit where the defendant had a jury trial, and where the matter was not submitted to or determined by the trial court.*

9. CRIMINAL LAW — SENTENCES — PRACTICE OF CIRCUIT COURT — EVIDENCE — APPEAL AND ERROR.

*An affidavit which was not part of the record filed in the appellate court detailing the sentencing practice of the circuit court,*

*is not to be considered by the reviewing court in an appeal
of a defendant convicted in the circuit court.*

Appeal from Jackson, Gordon W. Britten, J. Sub-
mitted Division 2 January 8, 1970, at Lansing.
(Docket No. 6,805.)   Decided September 29, 1970.
Rehearing denied November 3, 1970.   Leave to ap-
peal granted December 31, 1970.   384 Mich 794.

Charles C. Snow was convicted of escaping from
prison.   Defendant appeals.   Remanded with in-
structions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Paul R. Adams,* Chief
Appellate Attorney, for the people.

*Rosenfeld, Firestone & Grover,* for defendant on
appeal.

Before: Levin, P. J., and Holbrook and Bronson,
JJ.

Levin, P. J.   The defendant was convicted by a
jury in Jackson County of escaping from prison.[1]
He was sentenced to a term of two to five years.   On
appeal, he challenges the legality of the sentence,
claiming that the judge penalized him for exercising
his right to a trial by jury.

The defendant's attorney has submitted an affi-
davit which purports to record the disposition of
every escape case filed in the Jackson County Circuit
Court from January 1, 1967 through February 28,
1969.   During oral argument in our Court, the chief
assistant prosecuting attorney said that the people

---

[1] MCLA § 750.193 (Stat Ann 1970 Cum Supp § 28.390).   The
penalty is "not more than 5 years" imprisonment.

do not challenge the accuracy of the figures in the affidavit.[2]

During this period, 234 prison escape cases were filed in Jackson County Circuit Court:[3]

207 defendants pled guilty;

13 were convicted by a jury;

1 was convicted by a judge who sat without a jury. The remaining 13 cases were either dismissed or were still pending at the time the affidavit was prepared.

The sentences imposed in the decided cases display a clear pattern. Of the 207 defendants who pled guilty, all but five received minimum sentences of one and one-half years or less. Three of these five were charged with other crimes. One had two prior convictions in Jackson County. In the remaining case, the defendant's sentence was made retroactive to July 17, 1967, although he was sentenced on October 7, 1968.

The defendants who exercised their right to trial by jury fared differently. Twelve of the thirteen defendants convicted by a jury received minimum sentences of two or more years.[4] The thirteenth defendant attempted to enter a plea of guilty during his trial; he received a minimum sentence of one and one-half years. The lone defendant tried by the court also received a one and one-half year minimum sentence.

---

[2] See *Covington Mutual Insurance Company* v. *Copeland* (1969), 382 Mich 109, 110.

[3] Not all escapes were from the State Prison of Southern Michigan. MCLA § 750.193(1) (Stat Ann 1970 Cum Supp § 28.390[1]) provides that escapees "shall be tried in the courts of the county wherein are located the administrative offices of the prison or other penal facility to which the prisoner was committed or transferred, at the time of the * * * escape."

Also, most are so-called walk-aways, *i.e.*, escapees from camps and other minimum security places of detention.

[4] Eleven of these defendants received minimum sentences of two years; one received a minimum sentence of two and one-half years.

The defendant's attorney contended, both in his brief and during oral argument, that it is "common knowledge" among members of the bar in Jackson County that a defendant who pleads guilty to escape will receive no more than a one and one-half year minimum sentence, while one who requests a trial by jury will receive at least a two-year minimum. Although the statistics alone are persuasive evidence of such a sentencing practice, in this case we have a tacit admission by the people that judges in Jackson County do, in fact, pass sentence according to the "common knowledge" described by the defendant's attorney; during oral argument in our Court the following colloquy ensued:

"*The Court:* Counsel [for defendant] in his main argument suggested, in fact I don't even think it was a suggestion, I think it was a direct and clear statement, that it was common knowledge amongst the practitioners in Jackson County, and was indeed common knowledge in your own office, that those individuals who pled guilty would in fact receive a lesser minimum sentence than those who demanded a jury trial. Now are you stating that counsel for appellant misstated that and that it is not common knowledge?

"*Chief Assistant Prosecuting Attorney:* No, your Honor, I am not saying it's not common knowledge.
\* \* \*

"*The Court:* I would ask you whether [the defendant's attorney's] statement is an accurate one? Is it generally felt by members of the profession that guilty pleaders will receive minimum sentences of one and one-half years while those who exercise their right to a jury trial will probably be sentenced to a minimum of two years?

"*Chief Assistant Prosecuting Attorney:* I would not disagree with the statement provided that the

pleader waived his right to a presentence investigation."

## I.

In escape cases the factual issues are, indeed, rarely in dispute. The desire of the Jackson County Circuit judges to expedite the disposition of the relatively large number of escape cases filed in their county is, therefore, understandable. This does not, however, gainsay the grim fact that a defendant charged with prison escape in Jackson County faces a heavier sentence if he exercises his constitutional right to trial by jury. This clearly is impermissible. A price may not be exacted, a penalty may not be imposed, for exercising a fundamental right.

The traditional unwillingness of appellate courts to intrude upon the sentencing process[5] yields when sentence is based upon impermissible considerations,[6] or is passed in violation of statute.[7] In *People* v. *Earegood* (1968), 12 Mich App 256, we dealt at length with the issue of impermissible factors in the sentencing process. We held that (p 260):

"Because a sentence may not be enlarged or reduced depending on the alacrity with which the defendant pleads guilty, the sentence must be set aside."

---

[5] *In re Doelle* (1948), 323 Mich 241, 245; *Cummins* v. *People* (1879), 42 Mich 142; *People* v. *Guillett* (1955), 342 Mich 1, 9; *People* v. *Pate* (1965), 2 Mich App 66, 68. See, also, *People* v. *Earegood* (1968), 12 Mich App 256, 274, fn 12.

[6] *People* v. *Earegood* (1968), 12 Mich App 256, 261, 262; *People* v. *Earegood* (1970), 383 Mich 82. In *People* v. *Mulier* (1968), 12 Mich App 28, we held that ordinarily a more severe sentence may not be imposed on reconviction after a successful appeal, because any other rule would impinge on the full exercise of the Michigan constitutional right of appeal; we remanded for resentencing saying that we were convinced that (pp 33, 34): "impermissible factors were considered by the trial judge in imposing a harsher sentence at the rehearing."

[7] *People* v. *Lessard* (1970), 22 Mich App 342.

Although the Michigan Supreme Court reversed that portion of our *Earegood* opinion which held that Earegood's decision to plead guilty had been wrongfully influenced by the trial judge,[8] the Court expressly (*People* v. *Earegood* [1970], 383 Mich 82, 84) approved the above-quoted language of our *Earegood* opinion, adding (p 85):

"We limit our holding in this case to the proposition that it is impermissible for a judge in imposing sentence to take into consideration as a factor in determining the term of the sentence the fact that defendant pled or waived a jury at the last minute and we remand for re-sentencing."

Just as a judge may not consider the timing of a guilty plea in passing sentence, so, too, he may not consider the absence of a plea when sentencing.

"[A] defendant, whatever his character, may not be punished for exercising his right to trial and, therefore, the fact that he had done so should be given no weight in determining his sentence." *Letters* v. *Commonwealth* (1963), 346 Mass 403, 405 (193 NE2d 578).

"When Thomas received harsher punishment than the court would have decreed had he waived his Fifth Amendment rights, he paid a judicially imposed penalty for exercising his constitutionally guaranteed rights. Upon that ground alone, we think that his sentence is 'subject to collateral attack.'" *Thomas* v. *United States* (CA5, 1966), 368 F2d 941, 946.[9]

In *North Carolina* v. *Pearce* (1969), 395 US 711 (89 S Ct 2072, 23 L Ed 2d 656), the United States Supreme Court declared that it would violate the

---

[8] The defendant Snow pled not guilty in this case. No issue of coerced waiver of rights is before us.

[9] See, additionally, discussion and authorities cited in *People* v. *Earegood, supra,* pp 262–264, fn 4.

Fourteenth Amendment for a state court, when sentencing convicted persons, to penalize those who choose to exercise their constitutional rights.[10]

We are mindful that judges of the Jackson County Circuit Court have not publicly articulated their sentencing policy. Yet the policy is no less real for being unspoken.[11] The record demonstrates, the people concede, that the defendant was sentenced in accordance with a policy designed to induce guilty pleas by imposing heavier sentences on those who demand a jury trial. That the defendant in this case was not deterred from the exercise of his constitutional rights does not validate the criterion by which he was subsequently sentenced.

## II.

This sentencing policy of the Jackson County Circuit Court is also violative of the spirit and intent of the indeterminate sentence law.[12]

---

[10] In *North Carolina* v. *Pearce* the issue was whether a heavier sentence could be imposed after a reconviction following a successful appeal. In holding that in appropriate cases a higher sentence could be imposed the Court said (pp 725, 726):

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear."

[11] *Cf. North Carolina* v. *Pearce, supra,* p 726.

See, also, *Louisiana* v. *United States* (1965), 380 US 145, 152, 153 (85 S Ct 817, 13 L Ed 2d 709), where the United States Supreme Court struck down a provision of State law which conferred on a governmental official an unreviewable "discretion," it appearing that the official in whom this discretion was vested had used it to chill the exercise of constitutional rights.

[12] MCLA § 769.8 (Stat Ann 1954 Rev § 28.1080).

In *People* v. *Lessard* (1970), 22 Mich App 342, we vacated sentences of 4 years, 364 days to 5 years in prison and 9 years, 364 days to 10 years in prison. Citing *In re Southard* (1941), 298 Mich 75, 82, we said that (p 350):

"[T]he legislature intended that the sentencing court fit an indeterminate sentence, in the exercise of its discretion, to the needs of the particular case and the requirements of society."

Our holding was clear (p 350):

"The trial court is required to impose sentence within his sound discretion in accord with his evaluation of the defendant as an individual."

It is manifest that the judges of the Jackson County Circuit Court have neglected their statutory responsibility to individualize the sentencing process. It strains credulity far past the breaking point to suggest that the near-identical minimum sentences meted out to the 207 defendants who pled guilty resulted from a coincidental similarity in their individual backgrounds, characters, and rehabilitative potentials. It is even more unlikely that each of the 207 defendants who pled guilty and received minimum sentences of one and one-half years or less was more deserving of a shorter sentence than each of the 12 individuals convicted by a jury and sentenced to minimum terms of two years or more.

By far the most telling evidence of the Jackson County Circuit Court's failure to comply with the intent of the indeterminate sentence law is the requirement that a guilty pleader in an escape case waive a presentence investigation[13] as a precondition

---

[13] MCLA § 771.14 (Stat Ann 1954 Rev § 28.1144) provides:
"Before sentencing any person charged with a felony  *  *  * the probation officer shall inquire into the antecedents, character and circumstances of such person or persons, and shall report thereon

to the one and one-half year minimum sentence.[14]
While a waiver of presentence investigation may be
proper under some circumstances, systematic solici-
tation of such waivers in literally hundreds of cases
bespeaks a clear intention to forsake consideration
of precisely those factors which form the statutory
basis for sentencing.

## III.

In addition to alleging defects in the sentencing
process, the defendant contends that his conviction
itself should be reversed. Specifically, the defend-
ant claims that the trial court abused its discretion
by permitting the people to indorse two additional
witnesses immediately before trial, and by denying
a defense motion for a continuance after permission
to make the indorsement had been granted. We
find no merit in these contentions.

The Department of Corrections initially misin-
formed the Jackson County Prosecutor's office as to
the identity of the arresting officers. The error was
discovered on a Friday, three days before the sched-
uled trial date. The prosecutor's office immediately
informed defense counsel that it would seek to amend
the information on Monday morning.

Allowing indorsement of additional witnesses[15]
and the granting of a continuance[16] are matters ad-

in writing to such court or magistrate." As to presentence investiga-
tions under the predecessor to current guilty plea statute MCLA
§ 768.35 (Stat Ann 1954 Rev § 28.1058), see *People* v. *Williams*
(1923), 225 Mich 133, 139.

[14] It was conceded during oral argument by the chief assistant
prosecuting attorney that in order to qualify for the one and one-half
year minimum sentence the guilty pleader must also waive a presen-
tence report (see concluding paragraph of part I, *supra*).

[15] MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980); *People*
v. *Keys* (1968), 9 Mich App 482, 488; *People* v. *Todaro* (1931),
253 Mich 367.

[16] *People* v. *Fitzsimmons* (1948), 320 Mich 116, 125, *cert. den.*
(1948), 335 US 820, 69 S Ct 42, 93 L Ed 374; *People* v. *Crawford*
(1922), 128 Mich 124, 132–135.

dressed to the sound discretion of the trial court. The defendant has advanced no fact or reason that would support a conclusion that he was prejudiced by the belated substitution of the names of the true arresting officers. On this record we cannot visualize how he was prejudiced. Finding no basis for concluding that the court abused its discretion in granting the motion to indorse and denying the motion for a continuance, the defendant's conviction will not be disturbed.

We remand to the trial court for resentencing. In determining the defendant's sentence, no consideration is to be given to the fact that he was convicted by a jury, rather than upon a plea of guilty. The court shall impose sentence within its sound discretion in accordance with its evaluation of the defendant as an individual.

Remanded.

Bronson, J., concurred.

Holbrook, J. (*dissenting*). This writer is unable to agree with the majority opinion. The ruling calling for remand for sentence is apparently based on the prevailing opinion in the case of *People* v. *Earegood* (1968), 12 Mich App 256. After careful reading of that opinion, it is readily discernible that it is significantly distinguishable on its facts from the instant case. *People* v. *Earegood, supra,* dealt with overt action on the part of the trial judge which suggested that those who pleaded not guilty and were ultimately found guilty were to be dealt with more severely than those who pleaded guilty.

---

MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016) provides that refusal to grant a continuance shall not require reversal unless "the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted." See, also, MCLA § 768.2 (Stat Ann 1954 Rev § 28.1025).

In the instant case, defendant pleaded not guilty and is now arguing that he was denied his right to a jury trial because he could conceivably have received a lesser minimum sentence if he had pleaded guilty. But, in the instant case, defendant had a jury trial and what he is complaining about is the sentence he received as the result of his conviction in the jury trial. Another reason making it impossible for this writer to concur with the majority opinion, is the fact that it is based upon an affidavit filed in this Court, but not a part of the record in the case, setting forth the purported dispositions of similar cases for a period of time in Jackson County, Michigan.

Such a record may be made in an original proceeding in an appellate court for superintending control, but is hardly the proper subject in an individual appeal case such as the one before us.

The trial judge, as well as the jury, heard the testimony concerning the offense and was fully informed concerning the background of the defendant by reason of the presentence investigation report. It is difficult for me to understand how a sentence of two to five years[1] under these circumstances could be held to be improper. The balance of the opinion of the majority constitutes a proper ruling on the matters there. I would affirm without remand for sentencing.

## On Motion for Rehearing

HOLBROOK, J. (*dissenting from order denying rehearing*). In this cause a motion for rehearing, a motion to withhold, expunge and stay opinion is filed by the people and the defendant having filed an answer to both motions and Judge LEVIN and Judge

---

[1] MCLA § 750.193 (Stat Ann 1970 Cum Supp § 28.390). The penalty is "not more than 5 years" imprisonment.

Bronson having issued an order denying both motions and the writer feeling compelled to dissent: I would order that the motion for rehearing be granted and that the motion to stay publication of the opinion until after the rehearing and a decision thereon be also granted.

The reasons for my dissent are: (1) the majority opinion in the case improperly applies the law set forth in the case of *People* v. *Earegood* (1968), 12 Mich App 256, because in this case there is nothing in the record to indicate that the trial judge did or would give the defendant a longer minimum sentence in the event he stood trial before a jury; (2) the majority opinion is based upon a post-trial *ex parte* affidavit by defendant's attorney. "The defendant's attorney has submitted an affidavit which purports to record the disposition of every escape case filed in the Jackson county circuit court from January 1, 1967 through February 28, 1969."[1] This Court improperly considered the *ex parte* affidavit of defendant's counsel when oral argument was heard by this Court. In the case of *O'Connor* v. *O'Connor* (1937), 281 Mich 640, 643, it is stated:

"An omission in the record cannot be supplied by an *ex parte* affidavit. This court does not consider such affidavit when filed. *Wardle* v. *Cummings*, 86 Mich 395, 404.

"We said in *Zeilman* v. *Fry*, 213 Mich 504:

" 'Cases in this court must be disposed of upon the record as made and not upon post-trial *ex parte* affidavits. *People* v. *Pretswell*, 202 Mich 1.'

"We do not consider matters *dehors* the record. *Anderson* v. *Jersey Creamery Co.*, 278 Mich 396."

In the case of *McCarthy* v. *Wayne Circuit Judge* (1940), 294 Mich 368, 374, it is stated:

---

[1] Page 512, *ante*.

"We are concerned on review only with questions properly presented by the record. Decisions on appeal cannot be motivated by extra-judicial matters."

We have in the Jackson County Circuit, three circuit judges who are affected by the majority decision in this Court. None of them have been named as party defendants; none of them have been permitted to file a brief or make answer to this *ex parte* affidavit. As I pointed out in my dissenting opinion, the *ex parte* affidavit had no validity and should have been stricken from the record in our Court.

Also see, *Rinke* v. *Rinke* (1951), 330 Mich 615; *City of Garden City* v. *Holland* (1951), 331 Mich 566, 570; and *Stein* v. *Stein* (1942), 303 Mich 411, 415.