# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEREK JAMES SMITH,

        Defendant-Appellant.

UNPUBLISHED
November 22, 2016

No. 328477
Wayne Circuit Court
LC No. 15-001476-01-FC

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

SERVITTO, J. (*concurring*).

I concur with the majority's conclusions regarding defendant's allegations of error on appeal. I write separately, however, to express my extreme shock and disbelief that the trial judge in this matter finds it appropriate to adhere to a personal policy of "rewarding" defendants who "plead guilty in advance of trial." While the trial judge stated that her practice was not "to punish people for exercising their right to go to trial" the irrefutable and impermissible end result is that her policy and practice does exactly that.

The right to trial by jury in a criminal felony prosecution is among the most fundamental rights provided by our judicial system. See, *People v Allen*, 466 Mich 86, 90; 643 NW2d 227 (2002). No price may be exacted, nor a penalty be imposed for exercising a fundamental right. *People v Snow*, 26 Mich App 510, 515; 182 NW2d 820 (1970). To deny concessions to those who exercise constitutional rights and grant them to those who waive their rights is to exact a price on the exercise of guaranteed rights. This no state may properly do. See *United States v Jackson*, 390 US 570; 88 S Ct 1209; 20 L Ed 2d 138 (1968). When sentencing a defendant, a trial court *may not* consider factors that violate a defendant's constitutional rights. *People v Godbold*, 230 Mich App 508, 512; 585 NW2d 13 (1998)(emphasis added).

Moreover, "it is a violation of due process to punish a person for asserting a protected statutory or constitutional right." *People v Jones*, 252 Mich App 1, 7; 650 NW2d 717 (2002), quoting *People v Ryan*, 451 Mich 30, 35; 545 NW2d 612 (1996). And, "to punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . ." *Id.* quoting *Ryan*, 451 Mich at 36.

It is not a new tenet of law that a judge may not consider the absence of a plea when sentencing a defendant. See, e.g., *People v Snow*, 26 Mich App 510, 516; 182 NW2d 820 (1970). A defendant may also not be penalized at sentencing for refusing to admit guilt, *People*

-1-

*v Conley*, 270 Mich App 301, 315; 715 NW2d 377 (2006), or for exercising his or her right to a jury trial. *People v Mosko*, 190 Mich App 204, 211; 475 NW2d 866 (1991). The trial judge's blatant disregard of years of established case law and her indifference to defendant's constitutional rights, signals a neglect of her duty to sentence a defendant in conformity with the law. See, *People v Francisco*, 474 Mich 82, 91; 711 NW2d 44 (2006). It is unsettling to me to know that such a policy that effectively chills the exercise of the fundamental right to a jury trial would be exercised by a trial court in this day.


/s/ Deborah A. Servitto