WILLIAM CUMMINS, IMPLEADED WITH MICHAEL MOORE AND GEORGE LINDEN v. THE PEOPLE.

*Burglary—Presumption in favor of charge—Penalty.*

In a prosecution for burglary it was shown that the stolen property was found near the respondent and another person in a barn where they slept on the night it was taken, and that when the arrest tood place, the other person resisted and escaped. *Held* that the resistance and flight might properly be commented on by the prosecuting attorney and considered by the jury.

Where the bill of exceptions does not set forth all the evidence, or purport to give its substance, the charge must be presumed to be warranted by the evidence.

Where a penalty is within the statutory limit, it is not reviewable on the ground of being excessive.

Error to Wayne.   Submitted Oct. 29.   Decided Oct. 30.

BURGLARY.   Criminal   information   charging   George Linden,  Michael· Moore,  William  Cummins  and  John Seipher with breaking into the dwelling house of Anne McFarlin, in the township of Hamtramck, and feloniously taking therefrom a bottle of sherry and a lot of cigars. Cummins was convicted and sentenced to imprisonment in the State Prison for seven years.

*Hawley & Firnane* for plaintiff in error.   Cruel and unusual punishments are forbidden by Mich. Const., Art. vi., § 31.

Attorney General *Otto Kirchner* for the People.

MARSTON, J.   We do not discover any error in the record·in this case.   The evidence tended to show that Cummins and Seipher slept together in a barn on the night of the burglary, and that in close proximity to them were found the stolen articles, and that when the officers made the arrest Seipher resisted arrest and escaped.   We are of opinion that on the trial of Cummins under such circumstances, the resistance and flight of Seipher was a proper matter to be commented upon by the prosecuting attorney in his argument and considered by the jury.

It also appeared that at the time of the arrest the coat of one of the parties was missing, and complaint is now made of the charge of the court relating to that matter.   The bill of exceptions does not set forth all the evidence, or even purport to give the substance thereof.   We must assume that the charge as given was fully warranted by the evidence.   In so far as this question is presented by the record, the respondent has no legal cause of complaint.

It is also alleged as error that the sentence was unusually severe, and that in the light of all the facts it was in violation of the constitutional provision· which

declares that "cruel or unusual punishment shall not be inflicted." The sentence was not in excess of that permitted by statute, and when within the statute, this court has no supervisory control over the punishment that shall be inflicted. The statute gives a wide discretionary power to the trial court upon the supposition that it will be judicially exercised in view of all the facts and circumstances appearing on the trial. Unless the case presented differed materially from what it would appear to have been, as shown by the bill of exceptions, we think the punishment inflicted was unusually severe, and have no doubt but that on a full presentation of the facts to the chief Executive, relief would be promptly and cheerfully granted.

The other Justices concurred.