THE PEOPLE v. JOHN KELLY.

*Criminal law—Disorderly persons—Constitutionality of statute— Appeal—Sentence.*

1. Act No. 264, Laws of 1889, entitled "An act relative to disorderly persons," etc., is not open to the objection that the

title gives no information as to what acts constitute a disorderly person, or that the third offense, for which a punishment is prescribed, is not expressed in the title.[1]

2. The term "disorderly persons" is comprehensive, and properly includes all those who are designated in the body of the act.

3. An objection that an information which charges the respondent with having been a disorderly person on a given date, and sets forth the dates of several convictions of the respondent for the same offense in certain courts, is fatally defective in failing to allege that said courts had jurisdiction, cannot be raised for the first time in the Supreme Court, the respondent having pleaded not guilty to the information, without making any objection to its form; citing *People v. Hanifan*, 93 Mich. 33.

4. An objection that a sentence which is authorized by law, and within the exclusive province of the Legislature to prescribe, is excessive and unauthorized, is untenable.

Error to recorder's court of Detroit. (Chambers, J.) Argued February 2, 1894. Decided February 12, 1894.

Respondent was convicted of being a disorderly person, under Act No. 264, Laws of 1889, and sentenced to imprisonment in the Detroit House of Correction for two years. Judgment affirmed. The facts are stated in the opinion.

*Elbridge F. Bacon,* for respondent.

*A. A. Ellis,* Attorney General, and *A. H. Frazer,* Prosecuting Attorney, for the people.

GRANT, J. 1. It is first contended that Act No. 264, Laws of 1889, is in conflict with section 20 of article 4 of the Constitution, in that it embraces more than one object. The act is entitled—

" An act relative to disorderly persons, and to repeal chapter 53 of the Compiled Laws of 1871, as amended by the several acts amendatory thereof."

Section 2 of the act provides that—

---

[1] See *In re Jordan,* 90 Mich. 3.

" Any person complained of as being a disorderly person, and who shall be convicted or shall plead guilty, shall be punished by a fine not exceeding $50 and costs of prosecution, or by imprisonment in the county jail, or the Detroit House of Correction not exceeding 30 days, or he may be required to enter into a recognizance with sufficient sureties for his good behavior for the term of three months. Any person who shall be convicted a second time of being a disorderly person, the offense being charged as a second offense, shall be punished by a fine not exceeding $100 and costs of prosecution, or by imprisonment in the county jail or the Detroit House of Correction not less than 30 days nor more than three months; and for a third and all subsequent convictions, the offense being charged as a third or subsequent conviction, the punishment shall be a fine not exceeding $100 and costs of prosecution, or imprisonment in the county jail or the Detroit House of Correction or the State House of Correction and Reformatory at Ionia not less than six months nor more than two years."

Section 1 enumerates those who come under the term " disorderly persons." Among these are drunkards and tipplers. The precise contention is that the title gives no information as to what acts constitute a disorderly person, and that the third offense, of which the respondent was found guilty, is not expressed therein. The title to this act is the same as the titles to other acts for the punishment of disorderly persons, which have been, from time to time, enacted by the Legislature, and the sections of those acts defining who are disorderly persons have been substantially the same. The term " disorderly persons " is comprehensive, and properly includes all those who are designated in the body of the act. It is within the purview of the title to include different degrees of punishment for first, second, and subsequent convictions. The crime does not consist in the fact of two or more convictions, but in the fact that the respondent has been convicted as a disorderly person for the second or more times. Upon such subsequent trial, he must be found guilty of being a disorderly person; and, in order to impose the heavier punishment, former convic-

tions must be proven. This objection to the law is not well founded.

2. The information charged the respondent with being a disorderly person on September 26, 1893, and then set forth the dates of several other convictions for the same offense in the police court and in the recorder's court of the city of Detroit. It is objected that the information is fatally defective, in that it does not allege that the courts wherein the former convictions were had had jurisdiction. The respondent pleaded not guilty to the information, without having made any objection to its form, nor was the objection raised in the court below. The objection comes too late. *People v. Hanifan,* 98 Mich. 33, and authorities there cited.

3. It is objected that the court erred in permitting parol evidence of previous convictions. The record of several previous convictions was in evidence. The respondent was a witness in his own behalf, and testified that he had been confined in the house of correction six or seven times for being drunk. The error was therefore harmless.

4. It appears from the warrants which were issued by the police court wherein the respondent was examined, and the cases certified to the recorder's court for trial, that the respondent was charged with several previous convictions. The recorder's court, therefore, had jurisdiction to try the cases. It is also claimed that the identity of the respondent with the person named in the former convictions was not shown. His own admissions are sufficient identification.

5. The court, after stating to the jury the charge against the respondent, evidently reading from the information, instructed them as follows:

"You have heard the testimony of the prosecution, and you have heard the testimony of the defendant. I do not care to make any comments on the testimony. You have the testimony before you. All you have to do is to follow

the testimony.    The defendant is entitled to the benefit of every reasonable doubt.    Every defendant is presumed to be innocent until proved to be guilty."

It is insisted that this charge was not sufficiently specific. While it would have been proper, and perhaps wise, for the court to give fuller instructions, still it seems impossible to hold that the jury could have been misled or the respondent prejudiced.    The evidence was so clear and convincing that no other verdict than that of guilty could have been found.

6. The respondent was sentenced to the Detroit House of Correction for two years.    His counsel insists that the sentence was excessive and unauthorized.    The sentence was authorized by law, and was one within the exclusive province of the Legislature to prescribe.    This Court will not review the discretion of the trial court in such matters.

Judgment affirmed.

The other Justices concurred.