## PEOPLE *v.* CONLEY.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO DO GREAT BODILY HARM—EVIDENCE.

 In a prosecution for an assault with intent to do great bodily harm less than the crime of murder, testimony tending to show that the respondent entertained an ill will towards the complaining witness, that on the occasion in question he struck her upon the head with a club, felling her to the ground, at the same time threatening to kill her, and that the blow produced a contused and lacerated wound, is sufficient to sustain a conviction of the offense charged.

2. SAME—CONDUCT OF PROSECUTING ATTORNEY—HARMLESS ERROR.

 Upon a trial for an assault, the respondent, on cross-examination, admitted having been convicted of a prior assault upon the complaining witness, and the prosecuting attorney thereupon propounded further questions regarding the details of such assault. Objections interposed to such questions were promptly sustained by the court, who also instructed the jury that the fact of such conviction was admissible solely as bearing upon the credibility of the witness. *Held*, that the respondent was not prejudiced.

3. CRIMINAL LAW—IMPROPER REMARKS OF PROSECUTOR.

 A conviction will not be reversed because of alleged improper remarks of the prosecuting attorney unless he so clearly departed from the evidence and the line of legitimate argument that any reasonable person would conclude that the jury were prejudiced thereby.

Exceptions before judgment from Tuscola; Beach, J.
Submitted June 20, 1895.   Decided September 26, 1895.

William R. Conley was convicted of an assault with
intent to do great bodily harm less than the crime of
murder.   Conviction affirmed.

*J. E. Kinnane,* for appellant.

*Fred A. Maynard,* Attorney General, and *T. W. Atwoood,*
Prosecuting Attorney, for the people.

GRANT, J.   The respondent was convicted of an assault
upon one Amna Bemiss with intent to do great bodily
harm less than the crime of murder.

1. It is insisted that there was no evidence of any
intent to do the great bodily harm contemplated by the
statute, and that the court should, as requested, have
directed a verdict of not guilty.   It is argued that the
case is ruled by *People* v. *Ross,* 66 Mich. 96; *People* v. *Len-
non,* 71 Mich. 298; and *People* v. *Pearl,* 76 Mich. 208.

Mrs. Bemiss and respondent owned adjoining land.
Bitter feeling had for a long time existed between them,
owing to a dispute as to their rights in the land.   He
had assaulted her once before, for which he was arrested,
and pleaded guilty.   A fire was burning upon respond-
ent's land, and in close proximity to the division fence.
Mrs. Bemiss, her daughter, and hired man, Frank Law-
rence, went upon the respondent's land, to put the fire
out and save the fence.   Respondent came through the
woods with a stick about six feet long, and at once
ordered them off his land.   Lawrence refused to go, and
a fight ensued between him and respondent, in which
sticks, or "clubs," as the witnesses called them, were
freely used.   Respondent testified that he did not inten-
tionally strike her; that she told Lawrence to stand his
ground; that she struck him while he was fighting with
Lawrence; and that she was hit by a blow intended for
Lawrence.   Mrs. Bemiss testified as follows:

"I heard Frank Lawrence say, 'Here comes the old man,' and I didn't have a chance to get away if I wanted to. I just went to look up, and he went for Frank Lawrence, and struck him over the head, and then he turned around and struck me on the head, and I fell. After a while I got up. I went over and hollered to Frank Lawrence, and asked him if he would not throw me his handkerchief; my head was cut. I hollered for the little girl to go for the doctor and the sheriff as quick as she could. I expected I would be dead before she got back. I said that to her. He said: 'Yes, damn you. I will kill you before you leave here;' and he struck me again, and I fell onto the ground, and I don't remember any more. I didn't say anything until I put my hand up and said, 'Old man, I guess you did me up this time.' He said, 'Yes, damn you; I will finish you before you leave here.'"

The physician testified that he found a contused and lacerated wound on the back of her head, with blood oozing through it in many places; that there were one or two cuts through the scalp; that it must have been a hard blow; that, if the wound was inflicted by one blow, a large club must have been used, but if it was inflicted by more than one blow a small club would have produced the injury.

In the presence of this testimony, the question of intent was properly left to the jury.

2. The respondent was a witness in his own behalf, and on cross-examination, for the purpose of discrediting him, he was asked if he had not been convicted of assault and battery upon Mrs. Bemiss. This he at first denied. He admitted his arrest. Being asked if he did not plead guilty, he replied: "I did not. I told the justice how it was, and he fined me $20." The prosecuting attorney then proceeded to ask other questions in regard to the details of that assault, but the court promptly sustained the objections to the questions, holding that the witness had admitted his conviction, and that the details were inadmissible. The court, in both this ruling and the charge, instructed the jury that the sole use for which such conviction was admitted was to affect his credibility

as a witness. If it was improper to ask the questions, it cannot be assumed that this, in view of the ruling of the court, had a prejudicial effect upon the jury.

3. It is next insisted that the conviction should be reversed because of alleged improper remarks made by the prosecuting attorney in his argument to the jury. Some of these remarks were promptly condemned by the presiding judge as improper argument. We find nothing improper in the other remarks complained of, and do not consider them of sufficient importance to detail them. Ordinarily these matters must be left to the sound discretion of the trial judge, who hears the entire argument of counsel, and can better judge whether the language is justified by the arguments of opposing counsel. Courts of last resort will interfere by granting a new trial only in a case where the prosecuting attorney has so clearly departed from the evidence and the line of legitimate argument that any reasonable person will conclude that the jury were prejudiced by it. This is usually prevented by the prompt ruling of the circuit judge.

4. Upon a motion for a new trial it was insisted that the prosecuting attorney was disqualified, because he had been an attorney for Mrs. Bemiss in suits about the land where the assault was committed. The disqualifying statute reads as follows:

"No prosecuting attorney shall * * * be concerned as attorney or counsel for either party, other than for the State or county, in any civil action depending upon the same state of facts upon which any criminal prosecution commenced or prosecuted shall depend; * * * nor shall any attorney be permitted to prosecute, or aid in prosecuting, any person for an alleged criminal offense, where he is engaged or interested in any civil suit or proceeding depending upon the same state of facts against such person, directly or indirectly." 3 How. Stat. § 557.

We find nothing in the record to show that this question was raised upon the trial. Testimony upon this point was taken upon the hearing of the motion, and

showed that the prosecuting attorney was not the attorney for Mrs. Bemiss in any suit depending upon the same state of facts as are involved in the criminal suit.

The conviction is affirmed, and the court below directed to proceed to sentence.

The other Justices concurred.