## PEOPLE v. PATE.

1. Constitutional Law — Equal Protection of Law — Criminal Law—Punishment.

    The prohibition against arbitrary deprivation of life, liberty, or property by a State and requirement of equal and impartial justice under the law, contained in the Constitution of the United States, does not limit the powers of a State to deal with crimes committed within its own borders or with the punishment (US Const, Am 14).

2. Criminal Law—Punishment—Discretion of Court—Court of Appeals.

    The Court ·of Appeals does not have supervisory control over the punishment imposed by a trial court in the exercise of the wide discretion accorded it, when a sentence has been imposed within the maximum provided by statute (CL 1948, § 769.1).

3. Same—Sentence.

    Sentence of 5 to 10 years imposed after defendant pleaded guilty to breaking and entering, a crime carrying a maximum penalty of 10 years, *held,* neither arbitrary nor in violation of defendant's rights, where it was his second felony and he was on probation at the time the second offense was committed, and trial court recommended the minimum (CL 1948, § 750.110).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted Division 3 October 7, 1965, at Grand Rapids. (Docket No. 536.) Decided December 20, 1965.

Charles Pate was convicted for breaking and entering. Defendant appeals. Affirmed.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 577, 580–583.
[2] 21 Am Jur 2d, Criminal Law § 583 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 614.

*R. Neal Stanton,* for defendant.

Burns, P. J.   The defendant appeals a sentence of 5 to 10 years for breaking and entering.[1]

The defendant entered a plea of guilty to the charge of breaking and entering and was sentenced to the jurisdiction of the State prison of southern Michigan at Jackson for a period of not less than 5 nor more than 10 years.   The court recommended the minimum.

According to the appellant's brief (the facts do not appear in the record and the prosecuting attorney did not file a brief), a codefendant was sentenced to a term of 2 to 10 years, although this offense was the appellant's second felony conviction while said offense was the codefendant's third felony conviction.   The appellant neglected to mention that he was on probation at the time of this offense.

The defendant claims that he was denied equal protection of law guaranteed by both the State Constitution[2] and the Federal Constitution.[3]

The Fourteenth Amendment of the Constitution of the United States of America does prohibit a State from arbitrary deprivation of life, liberty, or property and requires equal and impartial justice under the law; but it does not limit the powers of a State to deal with crimes committed within its own borders or with the punishment.   *In re Converse* (1890), 137 US 624 (11 S Ct 191, 34 L ed 796).   Also, *Ughbanks v. Armstrong* (1908), 208 US 481 (28 S Ct 372, 52 L ed 582).

CL 1948, § 769.1 (Stat Ann 1954 Rev § 28.1072) states in part as follows: "Any of the several circuit judges in the respective circuits,   *   *   *   are hereby authorized and empowered to pronounce

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.306).—Reporter.
[2] Const 1963, art 1, § 2.
[3] US Const, Am 14, § 1.

judgment against and pass sentence upon all persons heretofore convicted."

When a sentence is within the maximum provided by statute, the trial court has wide discretion and an appellate court does not have supervisory control over the punishment. See *Cummins* v. *People* (1879), 42 Mich 142; *People* v. *Kelly* (1894), 99 Mich 82; *People* v. *Guillett* (1955), 342 Mich 1.

The fact that this conviction was the defendant's second felony conviction and the codefendant's third felony conviction does not by itself inform us of the entire history of the record of the defendant and the codefendant. At the time of sentencing the trial judge made the following statement:

"Your record is such, Mr. Pate, it doesn't recommend you for any further consideration. I think that perhaps in your case we ought to be a little serious minded and try to impress you at this time that a life of crime just doesn't pay. Perhaps if we can accomplish that at this stage in your life it won't be necessary for you to appear before the court again with such frequency as you have in the past, perhaps never. That is what we hope."

The sentence was not arbitrary and did not violate the defendant's rights. Judgment affirmed.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.