PEOPLE v. WILL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUESTIONS NOT RAISED IN TRIAL COURT.

Court of Appeals will not consider questions on appeal that were not raised in the trial court.

2. CRIMINAL LAW—DRIVING WITHOUT OPERATOR'S LICENSE—SERVICE OF SENTENCE.

Sentence of 15 days in Detroit house of correction, imposed by trial judge upon conviction of driving automobile without a valid operator's license in his immediate possession, is not disturbed on appeal, notwithstanding defendant claimed that off the record the arraigning judge had promised him that if found guilty of such violation, he would be permitted to serve his sentence on weekends, where defendant had stood mute, and arraigning judge did not impose sentence upon defendant (CLS 1961, §§ 257.311, 257.901).

3. SAME—COURT OF APPEALS—SENTENCE—STATUTORY MAXIMUM—DISCRETION OF COURT.

Court of Appeals does not have supervisory control over punishment imposed by trial court in the exercise of the wide discretion accorded it, where sentence imposed is within the statutory maximum (CL 1948, § 769.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 5 Am Jur 2d, Appeal and Error § 938.

Appeal from Recorder's Court—Traffic and Ordinance Division; Watts (John D.), and Murphy (George T.), JJ. Submitted Division 1 January 5, 1966, at Lansing. (Docket No. 907.) Decided May 24, 1966.

Warren Dale Will was convicted of operating a motor vehicle without a valid operator's license in immediate possession. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Riseman, Lemke & Piotrowski,* for defendant.

BURNS, J. The defendant, Warren Dale Will, a resident of Lansing, was arrested in Detroit on November 25, 1964, for operating an automobile while without a valid operator's license in immediate possession.[1]

The defendant and his attorney appeared before the traffic judge of Detroit for arraignment. The defendant claims that before and after the arraignment he was advised by the judge *off the record* that in the event he was found guilty of the charge on which he was arraigned the court would mete out a sentence of weekend incarceration. The record does not indicate that the defendant relied upon this statement; in fact he did not plead guilty but stood mute and a plea of not guilty was entered.

An adjournment was requested and granted, with trial date set for January 5, 1965. Upon trial the

---

[1] CLS 1961, § 257.311 (Stat Ann 1960 Rev § 9.2011).

defendant was found guilty of driving without a valid operator's license in contravention of CLS 1961, § 257.311 (Stat Ann 1960 Rev § 9.2011) and was sentenced to 15 days in the Detroit house of correction. Between the date of arraignment and the trial and sentencing, the arraigning judge was elected to the Court of Appeals and the vacancy created was filled by an interim appointment, who sentenced the defendant.

While the defendant has claimd 3 grounds for appeal, he did not raise these questions in the trial court and we will not consider them in this Court. *Lake Erie Land Co.* v. *Chilinski* (1917), 197 Mich 214.

Basically, the appellant feels he should have received the weekend sentence suggested by the judge at the arraignment, rather than the sentence imposed by the trial judge.

The judge who made the remarks was the arraigning judge. If the appellant had relied upon this statement by the judge and had entered a plea of guilty we would be faced with a different problem, but the defendant did not plead guilty before him and the statute under which the defendant was sentenced, CLS 1961, § 257.901(b) (Stat Ann 1960 Rev § 9.2601) provides:

"Unless another penalty is in this act or by the laws of this State provided, every person convicted of a misdemeanor for the violation of any provision of this act shall be punished by a fine of not more than $100.00 or by imprisonment in the county jail of the county where the offense is committed or in the Detroit house of correction for not more than 90 days, or by both such fine and imprisonment."

This Court, in *People* v. *Pate* (1965), 2 Mich App 66, 68, stated:

"When a sentence is within the maximum provided·by statute,[2] the trial court has wide discretion and an appellate court does not have supervisory control over the punishment. See *Cummins* v. *People* (1879), 42 Mich 142; *People* v. *Kelly* (1894), 99 Mich 82; *People* v. *Guillett* (1955), 342 Mich 1."

The judgment of the trial court is affirmed.

·   T. G. KAVANAGH, P. J. and McGREGOR, J., concurred.

---

[2] See CL 1948, § 769.1 (Stat Ann 1954 Rev § 28.1072).—REPORTER.