PEOPLE *v.* CUNNINGHAM

1. CRIMINAL LAW—ASSAULT WITH INTENT TO DO GREAT BODILY HARM—EVIDENCE—WITNESSES—CONFLICTING TESTIMONY—QUESTION FOR JURY.

Questions of defendant's intent to do great bodily harm less than murder and of his guilt were properly submitted to the jury where there was conflicting testimony by complainant, his companion, and defendant as to whether defendant's shooting of complainant was intentional or accidental (MCLA § 750.84).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 81–83.
[3] 53 Am Jur, Trial §§ 485, 486.
[4] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

2. Criminal Law—Assault with Intent to do Great Bodily Harm—Evidence—Weapons—Deadly Weapon—Use—Injury—Intent.

Defendant's testimonial confession that he shot complainant, who was seriously injured, provided evidence of defendant's intent to do great bodily harm where defendant used a rifle, a deadly weapon.

3. Trial — Criminal Law — Prosecutor — Final Argument — Remarks — Evidence — Inferences — Prejudice.

Legitimate inferences drawn from the evidence presented are not prejudicial.

4. Criminal Law—Sentence—Length—Discretion—Appeal and Error.

The Court of Appeals will not interfere with a trial court's discretion in imposing a sentence upon a convicted defendant if the sentence imposed is within the statutory maximum, where the appellate court is also satisfied that the trial judge, in fixing that sentence, did not rely upon an untrue statement in defendant's probation report (MCLA § 750.84).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 January 8, 1970, at Detroit. (Docket No. 5,733.) Decided February 3, 1970. Leave to appeal denied July 28, 1970. 383 Mich 809.

Albert Cunningham was convicted by a jury of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* and *Arthur J. Tarnow* (Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

J. H. GILLIS, J.   Defendant was convicted, after trial by jury, of assault with intent to do great bodily harm less than murder, MCLA § 750.84 (Stat Ann 1962 Rev § 28.279), and sentenced to prison.   His motion for new trial was denied and he appeals. Three issues are presented.

Defendant first contends that the people's evidence was insufficient to prove his guilt beyond a reasonable doubt.   Specifically, defendant argues that there was no evidence of any intent to do great bodily harm as required by the statute.

The complaining witness, Johnny Thompson, testified that, together with John Goodin, his father-in-law, he went to defendant's apartment in search of his wife.   Goodin knocked on the door and, after someone opened it, both Goodin and Thompson walked into defendant's apartment.   After entering, Thompson testified that he stood approximately 10 feet from defendant, that he was unarmed, and that he made no threats.   According to his testimony at trial, Thompson heard someone say, "Don't come another step."   Thompson then started to turn around and, at that point, someone in the room picked up a gun and shot Thompson in both legs. Thompson was seriously wounded and fell to the floor.

John Goodin testified that, after knocking, he alone entered defendant's apartment.   Thompson remained outside in the hallway.   After entering, Goodin testified that he saw defendant sitting on a couch.   Defendant was holding the butt of a rifle; the rifle's barrel was sticking up from under a coffee table in front of the couch.   Goodin moved to defendant's right.   At this point, according to Goodin, Thomp-

son entered the apartment and defendant then fired the rifle from underneath the coffee table hitting Thompson.

The defendant testified on his own behalf. According to his testimony, the shooting occurred while he was sitting in bed. The rifle with which Thompson was shot was, before Thompson's entry, sitting upright on its stock at the side of defendant's bed. Defendant testified that, when Thompson rushed into the room, he picked up the rifle, it discharged, and Thompson was struck. On cross-examination, defendant admitted shooting Thompson as soon as he entered the apartment. However, he testified that the gun went off accidentally.

In view of the conflicting claims as to what occurred, the trial court properly submitted the question of defendant's guilt, including the question of defendant's intent, to the jury. *Cf. People* v. *Miller* (1892), 91 Mich 639; *People* v. *Conley* (1895), 106 Mich 424; *People* v. *Davis* (1946), 315 Mich 342; *People* v. *Counts* (1947), 318 Mich 45. By his own testimony, defendant admitted shooting the complaining witness. The weapon used was deadly and Thompson was seriously injured. The act itself, as well as the means employed, provided evidence of defendant's intent to do great bodily harm. See *People* v. *Jassino* (1894), 100 Mich 536; *People* v. *Resh* (1895), 107 Mich 251; *People* v. *Miller, supra; People* v. *Counts, supra.* Defendant's conviction was supported by the evidence.

Defendant's second allegation of prejudicial error concerns certain statements made by the prosecuting attorney on final argument to the jury. Defendant contends that the statements were of a factual nature, unsupported by the evidence, and that he was thereby deprived of a fair trial. We are satisfied that two of the allegedly prejudicial statements

were legitimate inferences drawn from the evidence presented. *People* v. *Morlock* (1925), 233 Mich 284. An examination of the third statement when considered in light of the testimony presented indicates the statement was not so prejudicial as to require reversal. *People* v. *Wise* (1969), 18 Mich App 21.

Defendant next urges as ground for reversal that the trial court in imposing sentence relied upon an allegedly untrue statement contained in the probation report. After reading the sentencing transcript, we are satisfied that the court's sentence was not influenced by the statement, even if untrue. The sentence was within the statutory maximum, and, therefore, we will not interfere with the trial court's discretionary imposition of punishment. *People* v. *Pate* (1965), 2 Mich App 66.

Affirmed.

All concurred.