## PEOPLE *v.* SHAMBLIN

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCE—DISCRETION—REVIEW.

   A trial court has wide discretion over the sentencing when the punishment imposed is within the maximum provided by statute; an appellate court does not have supervisory control over such punishment.

2. HOMICIDE — SECOND-DEGREE MURDER — SENTENCE — DISCRETION — STATUTE.

   Statute permitting imposition of sentence of life or any number of years upon a defendant convicted of second-degree murder requires that the court impose sentence in view of all the facts and circumstances which appeared at the trial (MCLA § 750.317).

3. HOMICIDE—SECOND-DEGREE MURDER—SENTENCE—DISCRETION.

   Refusal to consider a minimum sentence for a defendant convicted of second-degree murder less than sentences imposed by other judges in other murder cases was improper because the judge unduly limited his discretion.

Dissenting Opinion

J. H. Gillis, J.

4. HOMICIDE — SECOND-DEGREE MURDER — SENTENCE — DISCRETION OF. COURT.

   *Trial judge's statement that he could not give the defendant, convicted of second-degree murder, a less severe sentence than he had given for manslaughter convictions did not inhibit the judge's discretion in sentencing the defendant because the statement meant merely that the court felt that murder sentences should not be less than manslaughter sentences (MCLA § 750.317).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 938.
[2–4] 40 Am Jur 2d, Homicide § 549 *et seq.*

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 6,125.) Decided August 24, 1970.

Geraldine Anna Shamblin was convicted of second-degree murder. Defendant appeals. Remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* and *Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. Simply put, this is a triangle case, one man, two women. The rejected woman went to the place of abode of her inamorato. Her rival was there. She became alternately enraged and hysterical. Finally the police were summoned and she was forcibly ejected from the premises. She threatened to return. She did. She admitted she had an open penknife in her hip pocket. She attempted to regain entrance. The deceased blocked her efforts. A struggle between them ensued. In the struggle, in a manner not at all clear from the record, he was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cut in the hip. The wound was of such dimension that it would not ordinarily be expected to be fatal. However, it turned out that the instrument which inflicted the wound punctured the femoral artery. The deceased bled to death before the flow of blood could be staunched. Upon trial by jury, defendant was convicted of murder in the second degree. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

While defendant raises six assignments of trial error, we, as a reviewing court, are only disturbed by that part of the record pertaining to sentencing. On the basis of defendant's age, the peculiar circumstances of the offense, her excellent record, the fact that she had two young children, and other attendant circumstances, defense counsel, at the time of sentencing, requested leniency from the court. The court replied:

*"The Court:* * * * the court has seriously considered this matter and a number of aspects involved in this case. This was a case where *I think that the defendant would have been wise to have had her case tried by the court without a jury but in view of the fact that the case was tried by the court with a jury, the court feels bound by the verdict of the jury in the case."* (Emphasis supplied.)

\*    \*    \*

" * * * as I say, the jury—the verdict of the jury, in my opinion, is sustained by law although I have not necessarily found the same facts in cases as the jury did, and we now come to the question of what is a proper sentence in this case. We have a number of—the court, in this—this being a matter in which the court is required to fix both a minimum and maximum sentence, the court feels that murder is a more serious crime than any of the crimes for which the courts fix a statutory maximum, the highest of—the highest maximum of any such case being 20 years, and the court feels that it should not fix

a maximum sentence of less than 20 years and, therefore, the court fixes the maximum at 20 years imprisonment.

\* \* \*

"*Mr. Bell:* May I say, I was going—

"*The Court:* Now, I must approach the minimum sentence. I have had a number of cases where— manslaughter cases under various minimums and the—I have sentenced men to as high as 10 to 15 years for manslaughter—in manslaughter cases and I cannot feel that a murder sentence can be less than the sentence for manslaughter and the court, therefore, fixes the minimum sentence at 10 years and the maximum is fixed at 20 years. I have determined that the defendant spent 37 days in jail awaiting trial and sentence and she will be given credit for 37 days time served."

There is one additional relevant fact. Prior to reading their verdict, the jury requested additional instructions from the court as to whether they could make recommendations to the court with their verdict. The trial court properly instructed them that it was not within their province under the law to do so. We think it unlikely, to say the least, that the jury was going to recommend severity in the sentence.

The statute under which defendant was convicted provides that murder in the second degree "shall be punished by imprisonment in the state prison for life, or any term of years, *in the discretion of the court trying the same.*" MCLA § 750.317. (Emphasis supplied.) Since the sentence imposed was within the limits of the statute, we are bound by the oft-repeated rule expressed in *People* v. *Pate* (1965), 2 Mich App 66, 68:

"When a sentence is within the maximum provided by statute, the trial court has wide discretion and an appellate court does not have supervisory control

over the punishment. See *Cummins* v. *People* (1879), 42 Mich 142; *People* v. *Kelly* (1894), 99 Mich 82; *People* v. *Guillett* (1955), 342 Mich 1."

Notwithstanding, we are constrained to remand this case to the trial court for resentencing.

While the trial court was proper in ruling out probation (MCLA § 771.1 [Stat Ann 1970 Cum Supp § 28.1131]), the record raises a serious question as to whether the trial court, in refusing to consider a minimum sentence less than that imposed in other cases by other judges, did not improperly inhibit his own discretion. As was said in *Cummins, supra,* "The statute gives a wide *discretionary* power to the trial court *upon the supposition that it will be judicially exercised in view of all the facts and circumstances appearing on the trial.*" (Emphasis supplied.)

It is a fair deduction that both the jury and the conscientious trial judge had some of the same misgivings that we have from our own review of the record. It is factors that prompt these misgivings, together with all the "facts and circumstances appearing at the trial" which should be taken into account in the determination of an appropriate sentence in this case. We find no abuse of discretion on the part of the trial judge; we do find that the exercise of his discretion was unduly and improperly limited.

Remanded to the trial court for resentencing.

McGREGOR, P. J., concurred.

J. H. GILLIS, J., (*dissenting*). I read Judge Poindexter's statement made at the time of sentencing to mean that he felt that a murder sentence should not be less than a sentence for manslaughter. Another judge might think that all defendants con-

victed of manslaughter should receive a jail sentence. Others might feel that all persons convicted of armed robbery should get heavier sentences than those convicted of breaking and entering or *viceversa*. In each case the judge exercises his discretion. Here, Judge Poindexter did not inhibit the exercise of his discretion when he passed sentence on the defendant. *People* v. *Cunningham* (1970), 21 Mich App 381; *Lane* v. *Department of Corrections, Parole Board* (1970), 383 Mich 50; *People* v. *Pate* (1965), 2 Mich App 66.

I would affirm the trial court.