PEOPLE v. DELANEY

1. CRIMINAL LAW—EVIDENCE—IDENTIFICATION—PROBATIVE VALUE—PREJUDICIAL EFFECT.

Admission in evidence of 12 photographs of a semi-nude woman found on defendant's person when he was arrested several hours after the complainant had been robbed was not error where they had probative value in corroborating complainant's testimony identifying defendant as one of two men who had robbed him after they had unsuccessfully sought to interest him in engaging a prostitute or buying pornographic pictures and defendant contended that the complainant was incorrect in identifying him, because the probative value outweighed any possible prejudicial effect.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—ROBBERY—INCLUDED OFFENSES—APPEAL AND ERROR.

Claimed refusal of the trial judge to charge the jury on unarmed robbery, an included offense in robbery armed, was not preserved for review where counsel failed to object to the charge as given as required by court rule in order to preserve the question and where counsel actually consented to the submission by the court to the jury of a list of included offenses, omitting unarmed robbery (GCR 1963, 516.2).

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 485.
[2] 5 Am Jur 2d, Appeal and Error § 545.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 April 7, 1970, at Detroit. (Docket No. 5,889.) Decided November 27, 1970. Leave to appeal denied May 7, 1971. 384 Mich 837.

Nick Delaney was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defenders Association of Detroit), for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

WEIPERT, J. Defendant was convicted of armed robbery by a jury in the Recorder's Court of the City of Detroit, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797) and was subsequently sentenced to from 7–1/2 to 15 years in prison.

On the basis of information furnished from the police department and from another source appellant was arrested several hours after the complainant had been robbed of $110 by two men, who had first unsuccessfully sought to interest him in engaging a prostitute or buying pornographic pictures. No weapons were found on the defendant's person, but 12 photographs of a semi-nude woman were found.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On appeal the appellant has raised, for the first time, issues as to the legality of the arrest and subsequent search and seizure of the pictures. Since these questions were not raised in the trial court, we will not consider them in this Court. *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Will* (1966), 3 Mich App 330. Nor can we sustain appellant's contention that the court erred in admitting the photographs into evidence, as not connected with the crime, or as prejudicial beyond probative value.

The appellant admitted having the photographs at the time of his arrest, but denied being the assailant. Since the appellant contended that the complainant was incorrect in identifying him as the assailant, the photographs had probative value in corroborating the complainant's testimony. We agree with the trial judge that such value outweighed any possible prejudicial effect. *People* v. *Jenkins* (1968), 10 Mich App 257, 264.

Appellant also assigns as error the refusal of the trial judge to charge on unarmed robbery, an included offense in robbery armed. Counsel, however, failed to object to the charge as given, as required by GCR 1963, 516.2, in order to preserve the question for review. *People* v. *Mallory* (1966), 2 Mich App 359, 364; *People* v. *Dexter* (1967), 6 Mich App 247, 253. Counsel in fact actually consented to the submission by the court to the jury of a list of included offenses, omitting unarmed robbery.

The remaining complaints of error are found insufficient. As to the claim of error in the return of a jury verdict of "guilty as charged" when other included offenses were included in the instructions, we have had additional transcript prepared by the court reporter. The transcript submitted on appeal contained merely the court reporter's interpretation,

but the full transcript now before us reveals that the jury specifically found defendant "guilty of robbery armed".

For the reasons given the conviction of defendant is affirmed.

All concurred.