PEOPLE *v.* STROBLE

1. CRIMINAL LAW—SENTENCE—DISCRETION—MINIMUM SENTENCE—
   INDETERMINATE SENTENCE—APPEAL AND ERROR.
   A trial court is required to impose sentence within its sound
   discretion, in accord with its evaluation of the defendant as
   an individual, and the Court of Appeals will not dictate what
   the minimum sentence should be nor attempt to determine what
   sort of sentence complies with the requirements for an in-
   determinate sentence.

2. CRIMINAL LAW—SENTENCE—SUPERVISORY CONTROL—APPEAL AND
   ERROR.
   A sentence within the statutory maximum ordinarily will not be
   disturbed on appeal because the Court of Appeals does not
   exercise supervisory control over punishments imposed by trial
   courts.

3. APPEAL AND ERROR—ARGUMENTS OF COUNSEL—INSTRUCTIONS TO
   JURY—FAILURE TO OBJECT.
   Assignments of error pertaining to arguments of counsel and
   to the trial court's instructions are not properly before an
   appellate court where defendant failed to register timely
   objection below or to request specific instructions (GCR 1963,
   516.2).

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 October 6,
1970, at Detroit. (Docket No. 7802.) Decided
December 4, 1970. Leave to appeal denied March 10,
1971. 384 Mich 814.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 938.
[3] 5 Am Jur 2d, Appeal and Error § 545.

Bernard Stroble was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals.    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and ENGEL,* JJ.

PER CURIAM.    Defendant was convicted by a jury of the crime of assault with intent to do great bodily harm less than murder.    MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).    The trial judge sentenced defendant to imprisonment from 9 years, 11 months and 29 days to 10 years.

While the imposition of a minimum sentence one day less than the statutory maximum constitutes reversible error when the trial court fails to evaluate a defendant as an individual, *People* v. *Lessard* (1970), 22 Mich App 342, there is nothing in the record to indicate that, in the instant case, the trial court did not fix the punishment without due concern for defendant as an individual.    As was stated in *People* v. *Lessard, supra,* p 350:

"In remanding for new sentence, we do not intend to dictate to the trial court what the minimum

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentence should be nor will we attempt to determine what sort of sentence complies with the requirements for an indeterminate sentence. The trial court is required to impose sentence within his sound discretion in accord with his evaluation of the defendant as an individual".

This Court does not exercise supervisory control over punishments imposed by trial courts; a sentence within the statutory maximum ordinarily will not be disturbed on appeal. *People* v. *Pate* (1965), 2 Mich App 66; *People* v. *Doran* (1967), 6 Mich App 86; *People* v. *Brashaw* (1967), 9 Mich App 128.

Other assignments of error pertaining to arguments of counsel and to the trial court's instructions are not now properly before us inasmuch as defendant failed to register timely objection below or to request specific instructions. *People* v. *Glessner* (1969), 19 Mich App 535; *People* v. *Loncar* (1966), 4 Mich App 281; GCR 1963, 516.2; GCR 1963, 785.1(1).

Affirmed.