PEOPLE v. GLASGOW

Appeal from Wayne, James N. Canham, J. Submitted Division 1 August 11, 1970, at Grand Rapids. (Docket No. 8776.)   Decided March 31, 1971.

Burl Glasgow was convicted of carrying a concealed weapon.   Defendant appeals by leave granted.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*George Karbal,* for defendant on appeal.

Before: T. M. BURNS, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM.   Defendant, Burl Glasgow, was tried without a jury in Wayne County Circuit Court on the charge of carrying a concealed weapon, MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).   Defendant alleged insanity as a defense.   The trial was held on September 15, 1969, and resulted in a conviction. On October 7, 1969, the court sentenced the defend-

ant to a term of 3–1/2 to 5 years imprisonment. A delayed appeal was granted by this Court.

Defendant has had a long history of alcoholism and mental illness. He was being treated at Wayne County General Hospital. On November 5, 1968, appellant, after some drinking, left the hospital, went home, took his wife's car, from which the license plates had been removed, took his father-in-law's gun, which he put in his belt, and drove about aimlessly, ending up in a bar not far from his home.

A stolen car report was made on the vehicle to the Dearborn Police Department. Shortly after midnight, November 6, 1968, a patrolman observed the car in a parking lot of a bar with appellant sitting in the car. The appellant went into the bar and two police officers followed. They asked appellant his name and asked him to come with the officers. While leaving the bar, the police officer removed the gun from appellant's waistband. There was no further word or act by appellant or the officers prior to this seizure.

The bulk of testimony heard went to the defense of insanity. The court found that the defendant did not establish the defense of insanity.

The appellant argues three issues on appeal. None of these issues were objected to at trial. The Court of Appeals will not consider questions on appeal that were not raised in the trial court. *People* v. *Will* (1966), 3 Mich App 330; *People* v. *Camak* (1967), 5 Mich App 655.

Affirmed.