PEOPLE *v.* POLLARD

1. CRIMINAL LAW—SENTENCE—APPEAL AND ERROR.

An appellate court does not have supervisory control over a sentence that is within the maximum provided by statute.

2. CRIMINAL LAW—SENTENCES—FELONIOUS ASSAULT—DISCRETION.

Sentencing a defendant convicted of felonious assault to a minimum term of three years and eleven months, the statutory maximum sentence being four years, was not an abuse of discretion where the defendant, at the time of the crime charged, was on parole for two prior felony convictions and the trial judge recommended psychiatric care for the defendant (MCLA § 750.82).

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 938.
    21 Am Jur 2d, Criminal Law §§ 533, 569.
[2]  21 Am Jur 2d, Criminal Law § 536.
[3, 4]  58 Am Jur, Witnesses § 566.

3. TRIAL—IMPROPER QUESTIONS—CONJECTURED BASIS.

A question which assumes the existence of a fact which has not been proven is objectionable.

4. CRIMINAL LAW—TRIAL—IMPROPER QUESTIONS—CONJECTURED BASIS—PREJUDICE.

Refusing to allow defense counsel to ask a witness what she had done with a gun given her by the victim of the defendant's assault was proper and did not prejudice the defendant, who argued self-defense, where there had been no evidence that the victim had had a gun or that the victim had given the gun to the witness and where the trial judge stated that defense counsel would be allowed to ask the question another way.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 November 9, 1970, at Detroit. (Docket No. 8876.) Decided April 26, 1971.

Robert Junior Pollard was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich* (*Edward P. Echlin,* of counsel), for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and PETERSON,\* JJ.

V. J. BRENNAN, P. J. Defendant was convicted by a jury of the crime of felonious assault[1] and sentenced to serve a minimum term of three years and

---

\* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).

eleven months, the statutory maximum term being four years. It is from the conviction and sentence that defendant brings this appeal.

The complainant, Michael Jackson, testified that on June 18, 1969, while walking with a friend, Charles Noble, he met a former girlfriend, Frances McConnel, and the defendant walking along the street. The defendant asked Jackson if he " * * * had been messing with Frances". A fight ensued. Defendant pulled out a gun and shot Jackson in the upper thigh. Jackson stated that he had no weapon on his person.

Frances McConnel testified that defendant knocked Jackson down and that they started to walk away. She looked around and " * * * Michael went for his back pocket and that's when he got shot".

During the cross-examination of Charles Noble the following colloquy occurred:

"*Q.* Charles, what did you do with the gun that Michael gave you?

"*A.* The gun he gave me?

"*Q.* Yes.

"*Mr. Monash* [*assistant prosecutor*]: I'll object to the question. There's no testimony about a gun.

"*The Court:* I'll sustain the objection, to the form of the question. There's no testimony to support the question.

"*Mr. Jackson* [*for defendant*]: Would the court excuse the jury for a moment, please?"

During the absence of the jury, the matter was discussed and the court sustained the prosecutor's objection:

"*The Court:* No, that wasn't in her testimony. Her testimony was he reached for his hip pocket but she didn't go beyond that point.

"In other words, your question assumes a fact not in evidence."

The trial court further advised counsel: "You may ask it another way though."

It was defendant's theory that he shot in self-defense. He stated that Jackson swung at him first. Defendant knocked Jackson down, and when he saw Jackson " *   *   * coming out of his back pocket *   *   * ", defendant shot him in the leg. He also stated that Jackson had a gun.

Just prior to sentencing, the court, on December 1, 1969, permitted the defendant and his counsel an opportunity to enter a plea for leniency. Thereafter, the court sentenced defendant to serve 3 years and 11 months to 4 years with a recommendation that he be given psychiatric care at Southern Michigan Prison.

Defendant contends that the court committed reversible error in setting his minimum sentence at 3 years and 11 months where the statutory maximum sentence is 4 years.

In *People* v. *Pate* (1965), 2 Mich App 66, 68, the Court held:

"When a sentence is within the maximum provided by statute, the trial court has wide discretion and an appellate court does not have supervisory control over the punishment."

Here, defendant was on parole for two prior felony convictions. The trial judge upon considering defendant's background recommended psychiatric care for defendant while in prison. It cannot be said he abused his discretion in sentencing defendant.

Defendant also charges error in sustaining an objection to the cross-examination of people's witness Charles Noble as to whether, following the assault, complainant gave Noble a gun.

"A question which assumes the existence of a fact which has not been proven is objectionable."

1 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 402, p 490; *People* v. *Lange* (1892), 90 Mich 454; *People* v. *Kolowich* (1933), 262 Mich 137.

Frances McConnel testified that as she and defendant walked away the complainant "went for his back pocket and that's when he got shot  *  *  * ." Based upon this testimony, defense counsel asked Charles Noble, "What did you do with the gun that Michael gave you?" This question assumes two facts not proven, *i.e.*, that complainant had a gun, and that he gave it to Noble. The judge stated that counsel might ask the question another way.

In *People* v. *Lloyd* (1967), 5 Mich App 717, 723, 724, this Court said:

"Finally, the court asked counsel to rephrase a question, whether he was going to enter the showup line, and refused to let the witness answer a question comparing the defendant's coat to those worn by spies on television. Under CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052), the trial court has the duty of controlling the conduct of the trial. In exercising this duty, he exercises a broad discretion where cross-examination of witnesses is concerned. *People* v. *Layman* (1941), 299 Mich 141; *People* v. *Fedderson, supra* [(1950), 327 Mich 213]. From an examination of the record, it does not appear that this discretion was abused."

Therefore, the trial judge did not abuse his discretion in asking defense counsel to ask his question another way. Had he prevented counsel from pursuing the subject at all, defendant's rights would have been prejudiced, since the question was material to the claim of self-defense. Defense counsel, however, *chose* not to pursue this line of questioning even though not precluded from doing so. We find no error.

The conviction and sentence in the court below is affirmed.

Affirmed.

PETERSON, J., concurred.

Judge LEVIN concurs in the affirmance of the conviction but would remand for resentencing for the reasons set forth in his dissenting opinion in *People v. Haggitt* (1971), 33 Mich App 95, 105, *ante.*