PEOPLE v. WHITTINGTON.    Appeal from Wayne, Thomas J. Foley, J.    Submitted Division 1 July 6, 1971, at Grand Rapids.    (Docket No. 11054.)    Decided July 30, 1971.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Arthur N. Bishop*, Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec*, for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and HOLBROOK, JJ.

PER CURIAM.    The defendant was charged with breaking and entering an occupied dwelling house with intent to commit larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).    He pled guilty to attempted breaking and entering an occupied dwelling house with intent to commit larceny.    MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).    He was sentenced to a term of 4 years and

---

* MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

11 months to 5 years in prison with a recommendation that he serve 5 years.

The defendant contends that the trial judge abused his discretion in denying the defendant's motion to withdraw his plea of guilty, and that the sentence violates the indeterminate sentence statute.

The trial court did not abuse its discretion in denying the motion to withdraw the guilty plea since the record shows no error in the plea taking and the basis for the motion is merely a belated claim of innocence. There is no evidence of a miscarriage of justice having occurred. *People* v. *Sylvester Johnson* (1970), 25 Mich App 258.

The sentence does not violate the indeterminate sentence statute. MCLA § 769.8 (Stat Ann 1954 Rev § 28.1080). *People* v. *Stroble* (1970), 28 Mich App 451; *People* v. *Jordan* (1971), 33 Mich App 15; *People* v. *Pollard* (1971), 33 Mich App 114.

The motion to affirm is granted.