PEOPLE v JANKOWSKI

1. CRIMINAL LAW—SENTENCE—APPEAL AND ERROR—DISCRETION OF TRIAL JUDGE—CREDIT FOR TIME SERVED—STATUTES.

   Sentences normally will not be reviewed by the Court of Appeals; there is no reason to depart from this established rule where the trial judge selected a minimum sentence within the applicable statutory and common-law limits and to that sentence the judge applied the credit for time already served as required by statute (MCLA 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW—SENTENCE—CREDIT FOR TIME SERVED—APPEAL AND ERROR.

   A trial judge who, in imposing a sentence, took into consideration the amount of time a defendant would be credited for time already served did not err.

Appeal from Bay, John X. Theiler, J. Submitted February 1, 1977, at Lansing. (Docket No. 27893.) Decided March 30, 1977.

John R. Jankowski was convicted, on his plea of guilty, of larceny from a person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *Peter F. Dahm,* Assistant Prosecuting Attorney, for the people.

*Jan Armon,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 867.
21 Am Jur 2d, Criminal Law § 533 *et seq.,* 606.

Before: D. C. Riley, P. J. and T. M. Burns and Beasley, JJ.

Beasley, J. Defendant's plea of guilty to a charge of larceny from a person, MCLA 750.357; MSA 28.589, was accepted and a sentence of six to ten years in prison was imposed. Defendant now appeals.

Defendant's principal claim of error is that the trial judge did not properly credit defendant for time already served. MCLA 769.11b; MSA 28.1083(2). Defendant asserts that, contrary to the purpose of this statute, the trial judge adjusted the minimum sentence imposed so as to render the credit nugatory.

There is no dispute concerning the fact that the defendant received credit for nine months and one week served in jail prior to sentencing. The amount of time which should be credited is also undisputed. The defendant instead asserts, in effect, that the statute removes from the trial judge's sentencing discretion any consideration of the amount of credit that the defendant will receive.

In support of his assertion, the defendant points to the following remark of the trial judge after sentence was imposed:

"Then he was in from May 5 *and another consideration I had in mind in setting his sentence is the fact that you are receiving considerable credits that I'm giving you because of your time in jail.* I compute it to be 9 months and one week. Would that be about right from May to this date?" (Emphasis added.)

Some of the other considerations referred to by the judge were the fact that the offense under consideration had been committed while other charges were pending and the fact that any sen-

tence imposed for the present offense would, at least in part, run concurrently with the sentence already imposed by a different judge following the conviction on those other charges. After presumably weighing the various considerations involved, the trial judge exercised his wide discretionary power and selected a minimum sentence which is within the applicable statutory and common law limits. See MCLA 750.357; MSA 28.589, *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972). To that sentence the judge applied the credit required by statute. MCLA 769.11b; MSA 28.1083(2).

On this record, we find no reason to depart from the established rule that sentences normally will not be reviewed by this Court. *Cummins v People*, 42 Mich 142; 3 NW 305 (1879). The referenced statute providing credit for time served does not require a different result on these facts.

Affirmed.